IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DELBERT FRANCIS STRATTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0038 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY PETITION
# FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DELBERT FRANCIS STRATTON. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DENIED.

## I.
## PROCEDURAL HISTORY

On February 2, 1982, pursuant to a guilty plea, petitioner was convicted of the offense of murder out of the 54th Judicial District Court of McClennan County, Texas, and was sentenced to thirty (30) years imprisonment in the Texas Department of Criminal Justice, Institutional Division.[1] *See State v. Stratton*, Cause No. 81-445-C. Petitioner did not appeal his conviction or sentence to

---

[1]Petitioner's sentence begin date was August 17, 1981.

the appropriate state appellate court.

In January 1988, after serving approximately 6 ½ years of his 30-year sentence, petitioner was released on parole. The certificate of parole issued to petitioner stated that <u>if</u> petitioner satisfactorily completed his parole, his sentence discharge date would be August 17, 2011. On December 13, 2001, after a revocation hearing, petitioner was continued on parole but with certain special conditions. On January 29, 2002, the Texas Board of Pardons and Paroles imposed an additional special condition requiring petitioner's placement in a halfway house. On February 24, 2003, the Board issued petitioner a new Certificate of Parole. The new Certificate, however, continued to state that if petitioner satisfactorily completed his parole, his maximum expiration date would be August 17, 2011. On May 13, 2003, the Board imposed a special condition requiring petitioner to submit to a sex offender evaluation to determine his need for sex offender counseling.[2] On July 15, 2003, a second parole revocation hearing was held. On July 22, 2003, the Board elected not to revoke petitioner's parole, but placed petitioner in an Intermediate Sanction Facility.[3] A third revocation hearing was held on May 4, 2004 and, after approximately 16 years on conditional release, petitioner's parole was revoked on May 12, 2004.[4] During his parole, petitioner was confined at various times on parole violator warrants between July 25, 2001 to May 12, 2004.

---

[2] The Special Condition Imposition stated, "According to admission summary on or about 8/81, offender Stratton was attempting to rape a female passenger in his vehicle. The other male occupant of vehicle tried to prevent the rape and was shot and killed by offender Stratton."

[3] Petitioner was alleged, *inter alia*, to have failed to abide by the special condition imposed by the Board for a sex offender evaluation on or about June 3, 2003. The Hearing Officer found "[t]here was insufficient evidence presented to show the Board had imposed a special condition on [petitioner] for sex offender evaluation" and, thus, petitioner did not violate the conditions of his parole.

[4] The Hearing Officer found the Board imposed a special condition requiring petitioner to have a sex offender evaluation, and that petitioner failed to take a sex offender evaluation on or about April 5, 2004 and, thus, violated the conditions of his parole.

On March 31, 2006, petitioner filed an application for a state writ of habeas corpus in Cause No. 81-445-C challenging, *inter alia*,[5] respondent's failure to credit his 30-year sentence for the time he was confined as a parole violator. On February 7, 2007, the Texas Court of Criminal Appeals granted petitioner relief, in part, and directed respondent to credit petitioner's sentence with approximately 440 days flat time.[6] *Ex parte Stratton*, No. AP-75,608.

Petitioner attests he placed the instant federal habeas corpus application in the institution mail system on February 26, 2008. Petitioner's application was received by and filed with this Court on February 29, 2008.

## II.
## PETITIONER'S ALLEGATIONS

In this federal application, petitioner challenges the constitutionality of his McClennan County conviction and sentence on the following grounds:

1. Petitioner's plea was involuntary because counsel told him that if he pled guilty he would not have to serve more than five (5) years in prison;

2. Petitioner was denied effective assistance of counsel because:

    a. a co-attorney of petitioner's appointed counsel represented petitioner rather than appointed counsel;
    b. counsel did not advise petitioner that he had a right to refuse to testify;
    c. counsel did not investigate, file pretrial motions or conduct discovery; and
    d. counsel failed to present mitigating evidence in the form of character witnesses.

3. Petitioner's confession was coerced because he was denied counsel after

---

[5]Petitioner states he also alleged, with regard to his original conviction, that his plea was involuntary, his confession coerced, that he was denied effective assistance of counsel and was denied his right to appeal. Petitioner states he further alleged the revocation of his parole was improper and that he was serving an illegal sentence.

[6]From July 25, 2001 to January 29, 2002, from June 12, 2003 to January 14, 2004, and from April 7, 2004 to May 12, 2004.

invoking his right to counsel and signed a statement written by the sheriff without reading it because he had already twice been denied counsel; and

4. Petitioner was denied his right to appeal his conviction because counsel advised he would only receive the 5-year sentence if he signed the waiver of appeal.

Petitioner also challenges the constitutionality of his May 12, 2004 parole revocation on the following grounds:

5. Petitioner's parole revocation was improper because:

   a. the date on the original parole certificate had been whited out;

   b. the parole records are erroneous wherein they state petitioner absconded to Ohio – petitioner was paroled to Ohio;

   c. petitioner was forced to sign a new parole certificate in 2003, months before he was arrested and returned to Texas on his old parole certificate; and

   d. a statement made to a psychiatrist in 1982 concerning an uncharged crime was improperly used to impose a new condition of release (sex offender evaluation) while he was on parole in violation of the ex post facto clause and failure to abide by that condition was used to revoke petitioner's parole.

Petitioner also challenges the manner in which his 30-year sentence is being executed and alleges:

6. Respondent is denying petitioner time credits served in that petitioner's current maximum sentence date of October 2, 2026 is approximately 4 months greater than the maximum sentence date of June 5, 2026 reflected in a June 19, 2003 inmate time slip, and petitioner's current projected release date of July 12, 2011 was not equivalently reduced by 3 years when petitioner's maximum sentence date was reduced by 3 years at some point between December 22, 2004 and September 24, 2007 as indicated by inmate time slips issued on those dates;

7. Petitioner is being required to unconstitutionally serve his sentence in installments;

8. Respondent is unlawfully extending petitioner's sentence beyond 30 years; and

9. The forfeiture of petitioner's accrued good time upon release to parole was unlawful, and the failure to restore petitioner's previously accrued good time

90 days after parole was revoked was in violation of the prohibition against ex post facto laws.

## III.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's first four (4) claims relate only to the validity of his February 2, 1982 murder conviction. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to

petitioner's Claims 1-4 on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[7]

The state trial court imposed petitioner's 30-year sentence on February 2, 1982. Petitioner had fifteen (15) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. Code of Crim. Proc. art. 44.08(b) (1982) (where no motion for new trial is filed, notice of appeal must be filed within 15 days of sentencing). Petitioner did not file any notice of appeal and the time to do so expired on February 17, 1982. Petitioner's conviction became final as of that date.

The one-year limitation period, however, was not enacted until April 24, 1996 and is not applied retroactively.[8] Consequently, a petitioner is afforded one year following the act's effective date of April 24, 1996, or until April 24, 1997, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The time limitation imposed by section 2244 applies to the instant habeas application because it was filed after the effective date of the act. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Petitioner advises he filed a state habeas application with the state trial court on March 31, 2006, almost nine (9) years after the expiration of the April 24, 1997 deadline for filing a federal habeas application. The state habeas application purportedly addressed issues of credit toward petitioner's sentence for time confined as a parole violator, the revocation of his parole and the manner in which his sentence was being served, but not the constitutionality of petitioner's

---

[7]Even if the Court found petitioner could not have discovered the factual predicate of his first claim, *i.e.*, that counsel was ineffective because counsel told petitioner that if he pled guilty he would not have to serve more than five (5) years in prison, until after petitioner had served more than five years, the same limitations analysis would apply.

[8]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I (1996), enacted on April 24, 1996.

conviction. Even so, this state habeas application was not filed within the time period when limitations was running so as to toll the limitation period.[9]

Petitioner executed his federal habeas application and placed it in the prison mail system on February 26, 2008, almost eleven (11) years after the expiration of the April 24, 1997 deadline. Consequently, petitioner's Claims 1-4 in the instant federal habeas application are time barred, and it is the opinion of the undersigned Magistrate Judge that these claims be dismissed.

## IV.
## PAROLE REVOCATION CLAIMS

Similarly, petitioner's challenges to the constitutionality of his 2004 parole revocation are time barred by the one-year period of limitation. The limitation period on these parole revocation claims began on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims could have been discovered on the date his parole was revoked, May 12, 2004. Consequently, petitioner had until May 12, 2005, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. The undersigned finds no basis for statutory or equitable tolling of the limitation period, thus, petitioner's federal habeas petition was due on or before May 12, 2005. Petitioner did not file the instant petition until February 26, 2008. Petitioner's fifth ground should be dismissed as time barred.

## V.
## TIME CLAIMS

Petitioner also challenges the constitutionality of the manner in which his sentence is being executed. Claims attacking the manner in which a sentence is being executed seek relief pursuant

---

[9] Nor do petitioner's motions for discovery filed with the trial court on November 3, 2006 and denied on February 9, 2007 serve to toll the limitations period.

to 28 U.S.C. § 2241. Although section 2241 contains no explicit exhaustion requirement, the Fifth Circuit Court of Appeals has required a petitioner seeking relief under section 2241 first to exhaust his state remedies. *Stewart v. Cain*, 71 F.3d 879 (1995). Petitioner has indicated the time claims he raised in his state habeas application challenged respondent's failure to credit petitioner's sentence for the time he was confined as a parole violator. Consequently, it does not appear petitioner has exhausted the time claims he raises in this federal habeas application. Even so, the undersigned has addressed petitioner's grounds below to show they are without merit and that petitioner has failed to meet his burden of demonstrating respondent is executing petitioner's sentence in an unconstitutional manner.

In his sixth ground, petitioner initially appears to argue respondent is unconstitutionally denying petitioner time credits served in calculating his maximum sentence date (approximately 4 months). Petitioner bases his argument on four (4) inmate time slips printed between June 19, 2003 and September 24, 2007.[10] From January 21, 1988 until May 12, 2004, the Parole Board calculated petitioner's maximum sentence to be August 17, 2011 if petitioner satisfactorily completed his parole. An inmate time slip dated June 19, 2003 while petitioner was still on parole but was confined as a parole violator, however, reflected petitioner's maximum sentence discharge date as June 5, 2026. Inmate time slips dated June 17, 2004, after the revocation of petitioner's parole, and December 22, 2004, reflected petitioner's maximum sentence date as September 4, 2029. A September 24, 2007 time slip, issued <u>after</u> the Texas Court of Criminal Appeals had ordered petitioner's sentence to be credited with time he had been confined as a parole violator, reflected a maximum sentence of October 2, 2026. Petitioner's current online Offender Information Detail

---

[10]The record does not contain a copy of the result of any time dispute resolution remedies petitioner has purportedly pursued to resolve this issue, nor does the record contain a copy of the state habeas corpus application wherein petitioner purportedly argued this issue. However, as petitioner is relying on a September 24, 2007 time slip to support his argument, a date subsequent to the Texas Court of Criminal Appeals' opinion, it appears petitioner has not adequately exhausted this issue. This Court, however, may deny relief on unexhausted claims. 28 U.S.C. § 2254(b)(2).

continues to reflect petitioner's maximum sentence date as October 2, 2026. Petitioner appears to argue respondent is unconstitutionally denying him four (4) months of time credit toward his sentence (the time period between June 5 to October 2 – the difference between the maximum release dates reflected on the June 19, 2003 and September 24, 2007 time slips).

At the time petitioner was released from confinement to parole, he had served approximately 6 years, 5 months and 10 days of his 30-year sentence. Petitioner was confined as a parole violator for an additional period of approximately 440 days. Petitioner has been confined pursuant to his sentence from May 12, 2004 to date, approximately 6 years, 8 months and 17 days. Petitioner forfeited all street time served on parole when his parole was revoked. Consequently, petitioner has approximately 15 years, 7 months and 14 days left on his sentence or until approximately September 10, 2026. While the Court cannot determine the time with absolute accuracy due to the absence from the record of the exact time calculations utilized by respondent in calculating petitioner's release information, based on the records before the Court, petitioner has not adequately demonstrated his maximum sentence date should be on or about June 5, 2026, or that respondent is unconstitutionally extending petitioner's sentence. In order to obtain federal habeas corpus relief, the burden is on petitioner to show the manner in which his sentence is being executed is unconstitutional. Petitioner has not met this burden. This claim should be denied.

Petitioner also appears to argue he is unconstitutionally being denied time credits because his projected release date of August 25, 2012 (reflected on a December 22, 2004 time slip) was not reduced by an equivalent 3-years when petitioner's maximum sentence date was corrected to reflect the year 2026 rather than the year 2029 on the September 24, 2007 time slip. Instead, the September 24, 2007 time slip reflected petitioner's minimum release/projected release date was only reduced by 10 months to June 28, 2011.

Petitioner's projected release date is an equation of his flat time and good time earned equaling the total length of his sentence, *i.e.*, 30 years. When respondent modified the date of petitioner's maximum sentence, the date on which petitioner will have served his sentence day for day, by three (3) years on the September 24, 2007 time slip, this modification did not necessarily require an exact corresponding reduction of petitioner's projected release/ minimum release date. The projected release date is based on flat time served and good time earned and being earned, and is a calculation which varies. In fact petitioner's current projected release date is July 12, 2011. Petitioner has the burden of demonstrating his projected release date is erroneous or that respondent is unconstitutionally executing petitioner's sentence. Petitioner has not met this burden.

Petitioner also contends respondent violated his constitutional rights when the amount of flat time reflected on the June 17, 2004 post-parole revocation time slip credited petitioner with 9 years, 3 months and 24 days flat time, yet the December 22, 2004 time slip credited petitioner with only 5 years, 3 months and 17 days flat time. Petitioner discovered, or could have discovered, this claim on the date he received the December 22, 2004 time slip and any federal habeas application raising this claim should have been filed on or before December 22, 2005. This claim appears to be time barred. Even so, while the discrepancies between petitioner's 2004 time slips are of concern, petitioner has failed to demonstrate he is currently being denied credit toward his 30-year sentence for the amount of flat time he has served, or that respondent is confining petitioner beyond his appropriate date of release. Petitioner has the burden of showing he is being held illegally. Petitioner cannot meet his burden by merely showing a possible clerical error from 2004 on a time slip without showing he has been prejudiced by any such error. Petitioner he has not met his burden of demonstrating his constitutional rights are currently being abridged.

Petitioner also argues he is being required to unconstitutionally serve his sentence in

installments. Petitioner's argument is brief, without detail, conclusory, and does not entitle him to relief. Even if petitioner's statement is construed broadly as an argument that he is being required to serve his sentence in installments because his sentence is not being calculated continuously, day for day, from the date of his sentence begin date, he is entitled to no relief. Petitioner may be attempting to rely on the state case of *Ex Parte Morris* to argue respondent's failure to credit his sentence with calendar time for the "street time" served during his unsatisfactory conditional release resulted in his sentence being served in "installments." In *Morris*, the Court of Criminal Appeals held: "A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate." *Morris,* 626 S.W.2d 754, 757-58 (Tex.Crim.App. 1982). This case held that if a prisoner or inmate is released through no fault of his own, he is entitled to credit on his sentence for the time spent at liberty. Petitioner is not entitled to relief on this claim. First, such a claim would be an argument under state law rather than federal constitutional law. Secondly, *Ex Parte Morris* involved an inmate who was <u>erroneously</u> released from prison. Petitioner was not "erroneously released" to conditional release, rather, petitioner was properly paroled. Petitioner's claim is without merit and should be denied.

Petitioner also argues respondent is "illegally increasing" petitioner's sentence. The Court construes this argument to be a claim that respondent has unlawfully extended petitioner's sentence beyond the 30 years assessed. Petitioner was sentenced to confinement for 30 years in a state penitentiary for the offense of murder. Petitioner cannot discharge his sentence until he has served 30 years either confined in prison or on a <u>successful</u> period of parole or mandatory supervision. Petitioner has not discharged his sentence, nor has respondent "increased" petitioner's sentence nor confined him beyond his discharge date.

If petitioner is attempting to argue he is being unconstitutionally denied street time toward his sentence for the time he was on conditional release, and that crediting such time would result in the discharge of his sentence and respondent's confinement of petitioner beyond his discharge date, such argument is without merit. A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If granted early release, a Texas parole violator has no constitutional right, as a matter of federal due process, to credit on his sentence for time spent on parole. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d 127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). Under Texas statutory law, however, certain offenders who have their parole or mandatory supervision revoked on or after September 1, 2001, may be entitled to credit for the portion of time they spent on parole or mandatory supervision.[11] *See Ex parte Spann*, 132 S.W.3d

---

[11]Texas law in effect when petitioner was released to mandatory supervision in 1988 provided:

When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

Tex. Crim. Proc. art. 42.18, § 15(a) (1988).

Section 508.283, effective September 1, 2001, provides, in relevant part:

(c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.

390, 392 (Tex.Crim.App. 2004).

Section 508.283 applies to petitioner's case given that his parole revocation occurred after September 1, 2001, however, petitioner does not qualify for relief under section 508.283(c). The starting point is the version of Section 508.283(c) in effect when the inmate's parole or mandatory supervision is revoked. *Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex.Crim.App. 2007); *see also Ex parte Foster*, 2007 WL 1347832 (Tex.Crim.App. May 9, 2007). By incorporating section 508.149(a) by reference, section 508.283(c) invokes the version of section 508.149(a) in effect when the inmate's parole or mandatory supervision is revoked. Here, under the version of section 508.149(a) that was in effect when petitioner's parole was revoked on May 12, 2004, petitioner, due to his conviction for murder, was serving a sentence for an offense listed in section 508.149(a)(2) when his parole was revoked. Petitioner did not meet the first requirement entitling him to time credit under Section 508.283(c) because he was a person described by Section 508.149(a) when his release was revoked, and he was not entitled to street-time credit for the period of time he spent on parole from September 1, 2001 to May 12, 2004 (with the exception of the dates he was confined as a parole violator and for which his sentence has been credited). Nor is petitioner entitled to street-time credit from the date of petitioner's conditional release, January 26, 1988, through August 31, 2001, the date prior to the effective date of the statute allowing for conditional credit for street time, as the new version of the statute was not applied retroactively. *See Ex parte Spann,* 132 S.W.3d 390, 394 n.7 (Tex.Crim.App. 2004); *Ex parte Keller*, 173 S.W.3d 492, 495 n. 8 (Tex.Crim.App. 2005).

---

> For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is <u>less than</u> the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served <u>without credit</u> for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.
>
> Tex. Gov't Code Ann § 508.283(c) (emphasis added).

Texas law provides that good time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. Tex. Gov't Code Ann. § 498.003 (Vernon Supp. 2004); *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App. 1995); *see also Ables v. Scott*, 73 F.3d 591, 593 (5th Cir.), *cert. denied*, 116 S.Ct. 1696 (1996) (good time for a Texas state prisoner does not affect the actual length of sentence the prisoner has received). Consequently, any good time accrued by petitioner does not change or shorten the 30-year sentence petitioner was assessed. Petitioner has not been confined in prison or on a successful period of parole or discharged his sentence and is not entitled to release or federal habeas corpus relief on this basis.

Petitioner also appears to contend he was unconstitutionally required to "give up" his accrued good time in order to be released to parole.[12] Petitioner's claim is conclusory and should be denied. Even so, the undersigned finds petitioner's accrued good time credits were not "forfeited" upon his release to parole. Rather, such credits were lost upon the revocation of petitioner's parole (see discussion below).

Petitioner also appears to contend respondent has unconstitutionally denied him previously accrued good time because such credits were not restored after his parole revocation. Petitioner also argues the failure to restore petitioner's previously accrued good time is in violation of the prohibition against ex post facto laws.

In order to establish a due process violation, petitioner must show he has been deprived of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The United States

---

[12]Although it is again unclear to this Court whether petitioner has satisfactorily exhausted all available state court remedies with regard to these claims, this Court is authorized to deny relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).

"Constitution does not guarantee good time credit for satisfactory behavior while in prison." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Therefore, any "legitimate claim of entitlement" must come from the state. When petitioner was convicted and sentenced in 1982, Texas law provided that good conduct time applies only to eligibility for parole or mandatory supervision and does not otherwise affect an inmate's term of incarceration. Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 (West 1977). State law also specifically identified good conduct time credits as a "privilege and not a right," and, upon revocation of parole or mandatory supervision, mandated that an inmate lose all good conduct time previously accrued. *Id.; see also* Tex. Gov't Code Ann. § 498.004 (Vernon 2010) (previously section 497.004 and Tex. Rev. Civ. Stat. art. 6181-1); *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex.Crim.App. 1983) ("good-time credit is not a vested right, but rather is a privilege which may be forfeited . . . by violating the guidelines of a conditional release program."). Petitioner cannot establish that he had a "legitimate claim of entitlement" to his previously earned good time credits after the revocation of his parole so as to establish a due process violation. *Cf. Williams v. Quarterman*, 2009 WL 1514687 (N.D. Tex. May 29, 2009).

Nor is there a protected liberty interest in the subsequent *restoration* of such time credits. There is no federal constitutional right to the restoration or reinstatement of good conduct time credits forfeited when a prisoner's administrative release is revoked. *Galindo v. Cockrell*, No. CIV.A.400CV1802Y, 2001 WL 1057982, at *4 (N.D. Tex. Aug. 31, 2001). This court thus must look again to state law. When petitioner was convicted in 1982, Texas law provided that upon return to TDCJ-CID after a revocation of parole, an inmate could accrue new good conduct time for subsequent time served in prison. Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 (West 1982). The statute did not, however, provide for the restoration of previously accrued good conduct time that had been forfeited upon revocation. In 1985, Texas prison authorities were given the discretion to

restore or not to restore good conduct time forfeited as a result of a revocation of administrative release without a new conviction.  ("The director may, however, restore good conduct time forfeited upon revocations not involving new criminal convictions after an inmate has served a reasonable period of good behavior in the department, to be no less than three months, subject to rules and policies promulgated by the department." Tex. Civ. Stat. art. 6181-1, § 4 (Vernon Supp. 1986)).  In 1995, the state law was amended to disallow the restoration of good conduct time forfeited on a revocation.  Tex. Gov't Code Ann. § 498.004 (Vernon 1995).  Thus, when petitioner was convicted in 1982, he had no right to the restoration of good time credits forfeited upon revocation of parole; when he was released to parole in 1988, the state correctional authorities had complete discretion on the issue of restoration of good time credits forfeited upon revocation of conditional release; and when his parole was revoked in 2004, petitioner had no right to the restoration of forfeited good time credits.  Again, petitioner cannot show any entitlement or protected liberty interest in the restoration of these good time credits.

With regard to petitioner's ex post facto claim, he can establish no violation because he has never been entitled to good time credits earned prior to his release.  Even if a change in the law had disadvantaged him, the retroactive application of new parole guidelines or a change in the manner in which parole authorities exercise their discretion does not violate the Ex Post Facto Clause because the alleged change is not both retroactive and to petitioner's detriment.  The critical inquiry is whether the new law "punish[es] as a crime an act previously committed, which was innocent when done; ... make[s] more burdensome the punishment for a crime, after its commission; [or] deprive[s] one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).  Petitioner's term of punishment has not changed, so there has been no ex post facto

violation. *Cf. Williams*, 2009 WL 1514687 at 8. Petitioner's claims should be denied.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DELBERT FRANCIS STRATTON be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of January, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).